IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DJ TRIVIA LLC, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| BLACKJACK ENTERTAINMENT LLC d/b/a MILESTONE EVENT GROUP | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff DJ Trivia LLC ("DJ Trivia"), by counsel, for its Complaint against Defendant BlackJack Entertainment LLC d/b/a Milestone Event Group ("Defendant"), alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for infringement of DJ Trivia's federally-registered trademark DJ TRIVIA under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of common law trademark infringement under the statutory and common laws of the State of Georgia

1

all arising from the Defendant's unauthorized use of the mark DJ TRIVIA in connection with the marketing, advertising, promotion, and offering for sale of Defendant's disc jockey and trivia services.

    2.    DJ Trivia seeks injunctive and monetary relief.

## JURISDICTION

    3.    This is a civil action arising, in substantial part, under the Lanham Act of 1946, 15 U.S.C. § 1051, *et seq.*, as amended. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (any act of Congress relating to patents, copyrights, and trademarks), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

    4.    Personal jurisdiction in this district is proper because, among other reasons, Defendant entered into an Affiliate Agreement (the "Agreement") that provided terms for authorized use of the DJ TRIVIA mark and that "[j]urisdiction for any disputes arising out of [the Agreement] shall lie in Cleveland, White County, Georgia." A copy of the Agreement, as amended, is attached as <u>Exhibit 1</u>.

## VENUE

    5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because Defendant is subject to this Court's personal jurisdiction.

## PARTIES

6.     DJ Trivia is a limited liability company formed under the laws of Georgia.

7.     Defendant is a limited liability company formed under the laws of New Jersey.

## FACTS

### DJ Trivia's Rights

8.     DJ Trivia offers its entertainment services, including disc jockey and trivia services, to consumers throughout the United States.

9.     DJ Trivia is the owner of valid and subsisting United States Trademark Registration No. 5,198,539 on the Principal Register in the United States Patent and Trademark Office for the trademark DJ TRIVIA for "Game software" in Class 9 and "Disc jockey services; Entertainment services, namely, production and distribution of a quiz show; Conducting live entertainment in the nature of games featuring trivia questions and answers" in Class 41 (the "DJ TRIVIA Mark"). Attached as Exhibit 2 is a true and correct copy of the registration certificate for Registration No. 5,198,539, issued by the United States Patent and Trademark Office on May 9, 2017.

10. DJ Trivia has continuously used the DJ TRIVIA Mark in commerce in the United States since 1998 in connection with game software and entertainment services, including disc jockey and trivia services.

11. As a result of its widespread, continuous use of the DJ TRIVIA Mark to identify its game software and entertainment services and DJ Trivia as their source, DJ Trivia owns valid and subsisting federal statutory and common law rights to the DJ TRIVIA Mark.

12. The DJ TRIVIA Mark is distinctive to the consuming public and in DJ Trivia's industry.

13. DJ Trivia has expended substantial time, money, and resources marketing, advertising, and promoting its game software and entertainment services offered under the DJ TRIVIA Mark.

14. The goods and services DJ Trivia offers under the DJ TRIVIA Mark are of high quality.

15. As a result of DJ Trivia's expenditures and efforts, the DJ TRIVIA Mark has come to signify the high quality of the goods and services designated by the DJ TRIVIA Mark, and acquired incalculable distinction, reputation and goodwill belonging exclusively to DJ Trivia.

## Defendant's Unlawful Activities

16. On or about March 8, 2022, Defendant entered into the Agreement with DJ Trivia for the Affiliate Market Area of Monmouth County, New Jersey. *See* Exhibit 1.

17. The Agreement was amended on or about January 30, 2024. *See* id.

18. Under the Agreement, Defendant was granted limited rights to use the DJ TRIVIA Mark related to its services in Monmouth County, New Jersey.

19. Under that Agreement, Defendant could create a website and social media accounts using the DJ TRIVIA Mark, subject to certain terms for proper use outlined in the Agreement.

20. Specifically, the Agreement provided that "[c]reation of website domain name and social media sites by [Defendant] shall follow a format of [DJ Trivia] name followed by the Affiliate Service Market name."

21. Under the Agreement, Defendant was permitted to create a website domain or social media sites using "DJ TRIVIA Monmouth."

22. The Agreement further provided instructions for using the DJ TRIVIA Mark, including limitations on co-branding and requirements for using the DJ Trivia logo.

23. Defendant failed to abide by the terms of the Agreement, using the unauthorized mark DJ TRIVIA NJ (the "Infringing Mark"), including use of the domain name <djtrivianj.com> and the social media accounts <facebook.com/djtrivianj> and <instagram.com/djtrivianj>.

24. On November 14, 2023, DJ Trivia informed Defendant that it was not in compliance with the terms of the Agreement regarding use of the DJ TRIVIA Mark and requested that Defendant comply with the terms of the Agreement. *See* Exhibit 3, November 14, 2023, E-mail Chain.

25. Defendant did not comply with the terms of the Agreement, despite assuring DJ Trivia that it would "be compliant asap." *See* Exhibit 4, November 17, 2023, E-mail Chain.

26. At a meeting in Las Vegas, Nevada, in February 2024, DJ Trivia reiterated to Defendant that it needed to cease and desist use of the Infringing Mark because Defendant's Affiliate Market Area was only Monmouth County and not all of New Jersey.

27. After the Las Vegas meeting, Defendant continued its unauthorized use of the Infringing Mark.

28. As a result, on April 3, 2024, DJ Trivia sent Defendant a Notice of Termination of Affiliate Agreement and Intellectual Property Rights demanding that

6

it transfer the domain name <djtrivianj.com> and the social media accounts <facebook.com/djtrivianj> and <instagram.com/djtrivianj> and cease and desist all use of the DJ TRIVIA Mark, including use of the Infringing Mark. A copy of the Notice of Termination of Affiliate Agreement and Intellectual Property Rights is attached as Exhibit 5.

29. The Infringing Mark adopted and used by Defendant is confusingly similar to the DJ TRIVIA Mark.

30. From on or about March 8, 2022, until around May 2024, Defendant offered entertainment services, including disc jockey and trivia services, in the United States under the Infringing Mark.

31. Defendant's use of the Infringing Mark caused other potential affiliates to erroneously believe that Defendant had exclusive rights to use the DJ TRIVIA Mark throughout New Jersey.

32. After Defendant became an affiliate, another party became an affiliate for Atlantic, Cumberland, and Cape May Counties in New Jersey and expressed that Defendant's use of the Infringing Mark was misleading and causing confusion among consumers.

33. The services Defendant has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are substantially similar to those offered by DJ Trivia and its authorized affiliates under the DJ Trivia Mark.

34. The services Defendant has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are in competitive proximity to the goods and services offered under the DJ TRIVIA Mark by DJ Trivia and its authorized affiliates.

35. Defendant has provided, marketed, advertised, promoted, offered for sale, and sold its services under the Infringing Mark.

36. Defendant has marketed, advertised, and promoted its services under the Infringing Mark through the same marketing, advertising, and promotional channels as DJ Trivia and its authorized affiliates.

37. Defendant has offered and sold its services under the Infringing Mark to the same or similar types of consumers as DJ Trivia and its authorized affiliates offer and sell their services under the DJ TRIVIA Mark.

38. Defendant's acts are willful with the deliberate intent to trade on the goodwill of the DJ TRIVIA Mark owned by DJ Trivia, cause confusion and deception in the marketplace, and harm DJ Trivia's business.

## COUNT ONE
### (Federal Trademark Infringement)

39. DJ Trivia repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Defendant's unauthorized use in commerce of the Infringing Mark as described herein has caused confusion, mistake, or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41. Defendant has committed the foregoing acts of infringement with full knowledge of DJ Trivia's rights in the DJ TRIVIA Mark and with the willful intent to cause confusion and trade on DJ Trivia's goodwill.

42. DJ Trivia is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition and False Designation of Origin)

43. DJ Trivia repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

45. Defendant's conduct as alleged herein is willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with DJ Trivia.

46. Defendant's conduct as alleged herein is intended to and is likely to cause or has caused confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of the Defendant's services.

47. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. DJ Trivia is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### (For Imposition Of A Constructive Trust Upon Illegal Profits)

49. DJ Trivia repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. Defendant's conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing services as services approved or authorized by DJ Trivia.

51. By virtue of Defendant's wrongful conduct, Defendant has illegally received money and profits that rightfully belong to DJ Trivia.

52. Upon information and belief, Defendant holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

53. Defendant holds the money and profits it has illegally received as constructive trustee for the benefit of DJ Trivia.

## COUNT FOUR
### (Accounting)

54. DJ Trivia repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. Pursuant to 15 U.S.C. § 1117, DJ Trivia is entitled to recover any and all profits of Defendant attributable to its acts of infringement.

56. Pursuant to 15 U.S.C. § 1117, DJ Trivia is entitled to actual damages or statutory damages sustained by virtue of Defendant's acts of infringement.

57. The amount of money due from Defendant to DJ Trivia is unknown to DJ Trivia and cannot be ascertained without a detailed accounting by Defendant.

## COUNT FIVE
### (Common Law Trademark Infringement)

58. DJ Trivia repeats and realleges paragraphs 1 through 57 hereof, as if fully set forth herein.

59. Defendant's use of the Infringing Mark without the consent of DJ Trivia and in contravention of the Agreement is likely to confuse or deceive or has confused or deceived the public into believing that Defendant is offering its services in compliance with DJ Trivia's requirements for authorized use of the DJ TRIVIA Mark and the DJ Trivia logo.

60. Defendant's activities described above constitute trademark infringement of DJ Trivia's trademark rights in violation of the common law.

61. Defendant's acts were done knowingly, with actual notice of DJ Trivia's trademark rights.

62. At all relevant times, Defendant knew, should have known, or had reason to know that the DJ TRIVIA Mark and the DJ Trivia logo refer to DJ Trivia and game software and entertainment services.

63. As a direct and proximate result of Defendant's willful and deliberate conduct, DJ Trivia has suffered, and will continue to suffer, substantial injury, and loss of goodwill.

**WHEREFORE**, DJ Trivia requests judgment against Defendant as follows:

1.     That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.     Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

- a. Offering services under the mark DJ TRIVIA or any other mark, that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of DJ Trivia's mark(s);
- b. engaging in any activity that infringes DJ Trivia's rights in the marks DJ TRIVIA and the DJ Trivia logo;
- c. engaging in any activity constituting unfair competition with DJ Trivia;
- d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with DJ Trivia or (ii) DJ Trivia's game software or entertainment services are in any manner approved, endorsed, licensed,

      sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

e. using or authorizing any third party to use in connection with any business any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with DJ Trivia or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating DJ TRIVIA, the DJ Trivia logo, or any other mark that infringes or is likely to be confused with DJ Trivia's mark(s), or any goods or services of DJ Trivia, or DJ Trivia as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

3. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed,

licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with DJ Trivia or constitute or are connected with DJ Trivia's goods or services.

4. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the mark DJ TRIVIA, the DJ Trivia logo, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of DJ Trivia's mark(s), and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogues, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the mark DJ TRIVIA, the DJ Trivia logo, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of DJ Trivia's mark(s), and to immediately remove them from public access and view.

5. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon DJ Trivia's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

6. Awarding DJ Trivia an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

7. Directing that Defendant account to and pay over to DJ Trivia all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate DJ Trivia for the damages caused thereby.

8. Awarding DJ Trivia punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

9. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding DJ Trivia its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

10. Awarding DJ Trivia interest, including prejudgment and post-judgment interest, on the foregoing sums.

11.     Ordering Defendant to relinquish control of the social media accounts to DJ Trivia;

12.     Awarding such other and further relief as the Court deems just and proper.

Dated: July 19, 2024

                Respectfully submitted,

                */s/ James W. Faris*
                James W. Faris
                Georgia Bar No. 452293
                CAIOLA & ROSE LLC
                125 Clairemont Avenue, Suite 240
                Decatur, Georgia 30030
                Telephone: 470-300-1010
                Email: jimmy@caiolarose.com

                Kevin Hartley (to be admitted *pro hac vice*)
                Randy Michels (to be admitted *pro hac vice*)
                Bill Ferrell (to be admitted *pro hac vice*)
                TRUST TREE LEGAL, P.C.
                798 Berry Road, #41400
                Nashville, TN  37204
                Telephone: (615) 469-0451
                Email: kevin@trusttree.com
                Email: randy@trusttree.com
                Email: bill@trusttree.com

                Attorneys for Plaintiff
                *DJ Trivia LLC*